Paid Amt $~~349~~   Date 7|13|11

Receipt # NVRN0542   Initials

FILED ___   ___ RECEIVED
___ ENTERED   ___ SERVED ON
COUNSEL/PARTIES OF RECORD

**JUL 1 3 2011**

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____ DEPUTY

1 | **LEWIS BRISBOIS BISGAARD & SMITH, LLP**
JEFFREY D, OSTLER, Nevada State Bar # 008864
2 | VANESSA R. NEGRETE, Calif. State Bar #239689
701 B Street, Suite 1900
3 | San Diego, California  92101
Telephone: (619) 233-1006
4 | Facsimile: (619) 233-8627

5 | Attorneys for SAM TAVALLODI, JR., an individual;
NORTH SAN DIEGO COUNTY TRANSIT DEVELOP-
6 | MENT BOARD, a California Government Public Entity,
dba NORTH COUNTY TRANSIT DISTRICT; RICHMAN
7 | MANAGEMENT CORPORATION, a California corporation
dba HERITAGE INVESTIGATIONS and HERITAGE
8 | SECURITY SERVICES and HERITAGE SECURITY SYSTEMS

___ FILED   ___ RECEIVED
___ ENTERED   ___ SERVED ON
COUNSEL/PARTIES OF RECORD

**JUL 2 5 2011**

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____ DEPUTY

9 |
10 |                        UNITED STATES DISTRICT COURT
11 |                        DISTRICT OF NEVADA - RENO
12 |                                              ) CASE NO. ____ 3:11-MS-00016
13 |                                              )
14 | In re:                                       )
Request for Order to Allow Videotaped        )
15 | Deposition of Inmate Shane Masters.          ) MOTION FOR ORDER TO
                                              ) VIDEOTAPE PRISONER
16 |                                              ) DEPOSITION; [PROPOSED] ORDER
                                              )
17 | _____          )

18 |
19 |        Sam Tavallodi, Jr, North County Transit District, and Richman Management Corp.
20 | submit the following motion for an order to videotape the deposition of Inmate Shane Masters.
21 |
22 | **I.    INTRODUCTION**
23 |        This California Superior Court case, San Diego County Superior Court Case Number 37-
24 | 2010-00055264-CU-PO-NC ("underlying matter") involves the death of Anthony Wacker.  (A copy
25 | of the underlying complaint is attached as Exhibit "A.")  Mr. Wacker was the son of Shane Masters
26 | ("Inmate Masters"), who is currently incarcerated at Ely State Prison, in Ely, Nevada.  Mr. Wacker's
27 | mother, Lori Pixley, filed a suit for wrongful death against Defendants Sam Tavallodi, Jr. [sic],
28 | North San Diego County Transit Development Board dba North County Transit District, Richman

4834-2984-2954.1

1  Management Corporation dba Heritage Investigations and Heritage Security Services and Heritage

2  Security Systems (collectively referred to as "Defendants"), claiming damages which include the

3  loss of love and companionship of her son. Defendants seek to depose Inmate Masters in order to

4  obtain information on the deceased's upbringing and relationship with his mother.

5           On June 20, 2011, Defendants obtained a commission which requests this court to issue the

6  necessary documents to allow Inmate Masters' deposition to be videotaped. (The commission is

7  attached hereto as Exhibit "B.") Defendants request that this court honor this commission and issue

8  an order which will allow Inmate Masters' deposition to be videotaped. Inmate Master's deposition

9  is scheduled for July 29, 2011, therefore it is imperative that this court issue an order in short

10 course.

11 **II.      SHANE MASTERS' VIDEOTAPED DEPOSITION IS CRUCIAL TO THE**

12 **DEFENSE**

13          Mr. Masters is currently incarcerated in Ely State Prison in Ely, Nevada. The defense wishes

14 to depose Mr. Masters to inquire as to his son's upbringing and relationship with his mother.

15 Although the prison will allow his deposition to be taken, they will not allow it to be videotaped

16 without a court order. The trial in this matter is August 26, 2011 and, considering that Mr. Masters

17 has years to go on his prison sentence, there is no possible way for him to attend trial. Therefore,

18 the only way his testimony can be presented is either via a written deposition transcript or

19 videotaped deposition. However, there are severe limitations to testimony presented via deposition

20 transcript. For instance, tone of voice, body language and intonation are all lost in a deposition

21 transcript. For this reason the Defendants believe that presenting video instead of just a written

22 deposition transcript will be a more accurate depiction of Inmate Masters' testimony.

23 **III.     CONCLUSION**

24          For the reasons given above, Defendants request that the court order Ely State Prison to

25 allow the videotaped deposition of Shane Masters to take place. To this end, Defendants also

26 request that the prison allow all non-attorney personnel essential to the videotaped deposition,

27 namely a court reporter and videographer, entrance into the prison to record and video record his

28 deposition.

DATED: July 13, 2011                          LEWIS BRISBOIS BISGAARD & SMITH LLP

                                              */s/ Jeffrey D. Olster*
                                    By: _____
                                          Jeffrey D. Ostler
                                          Vanessa R. Negrete
                                          Attorneys for SAM TAVALLODI, JR., an individual;
                                          NORTH SAN DIEGO COUNTY TRANSIT
                                          DEVELOPMENT BOARD, a California Government
                                          Public Entity dba NORTH COUNTY TRANSIT
                                          DISTRICT; RICHMAN MANAGEMENT
                                          CORPORATION, a California corporation dba
                                          HERITAGE INVESTIGATIONS and HERITAGE
                                          SECURITY SERVICES and HERITAGE SECURITY
                                          SYSTEMS

## **ORDER**

        IT IS ORDERED that the Nevada Department of Corrections and Acting Warden of Ely

State Prison allow a court reporter and videographer to be present to record the deposition of Shane

Masters on July 29, 2011.

Dated: 7-25-11 _____          By    _____
                                          JUDGE OF THE DISTRICT COURT

# EXHIBIT "A"

| | |
|---|---|
| 1 | Scott White, Esq. (SBN: 220549) |
| 2 | **MACALUSO & ASSOCIATES, APC** |
| | 2100 Palomar Airport Rd., Suite 221 |
| 3 | Carlsbad, CA 92011 |
| | Telephone: (760) 448-1133 |
| 4 | Facsimile: (760) 448-1134 |
| 5 | |
| 6 | Attorneys for PLAINTIFF LORI J. PIXLEY |

7

8             **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9             **COUNTY OF SAN DIEGO, NORTH COUNTY DIVISION**

10

| | | |
|---|---|---|
| 11 | LORI J. PIXLEY, on behalf of the Estate of Anthony G. Wacker; and LORI J. PIXLEY, an individual, | ) CASE NO.: 37-2010-00055284-CU-PO-NC |
| 12 | | ) |
| 13 | Plaintiff, | ) |
| | v. | ) **COMPLAINT FOR DAMAGES BASED** |
| 14 | | ) **ON:** |
| 15 | SAM TAVALLODI, JR., an individual; NORTH SAN DIEGO COUNTY TRANSIT | ) |
| 16 | DEVELOPMENT BOARD, a California Government Public Entity, dba NORTH | ) **1. WRONGFUL DEATH AND** <br> ) **SURVIVAL ACTION** |
| 17 | COUNTY TRANSIT DISTRICT; RICHMAN MANAGEMENT | ) **AND DEMAND FOR JURY TRIAL.** |
| 18 | CORPORATION, a California corporation, dba HERITAGE INVESTIGATIONS, and | ) |
| 19 | HERITAGE SECURITY SERVICES, and HERITAGE SECURITY SYSTEMS, and | ) |
| 20 | DOES 1 through 100, inclusive, | ) |
| 21 | Defendants. | ) |
| 22 | | ) |
| 23 | | ) |
| 24 | | ) |
| 25 | | ) |
| 26 | | ) |

3:11-MS-00016

27         COMES NOW Plaintiff LORI J. PIXLEY, for all causes of action as against Defendants,

28   and DOES 1 though 100, inclusive, hereby complains as follows upon information and belief:

**COMPLAINT FOR DAMAGES**

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

1.      Plaintiff LORI J. PIXLEY, (Hereinafter "PLAINTIFF") in her individual and representative capacity, an individual, was at all relevant times alleged herein and still is a resident of the County of San Diego, in the State of California.

2.      Plaintiff is informed and believes and thereon alleges that at all relevant times, including but not limited to September 11, 2009, and up to and including the present time, that Plaintiff, LORI J. PIXLEY, an individual, is and was the mother of Anthony G. Wacker (hereinafter "Decedent"), deceased, and the personal representative of the Estate of Anthony G. Wacker. Plaintiff is the wrongful death heir of Decedent pursuant to *Cal. Code of Civ. Proc.* section 377.60.

3.      Plaintiff Lori Pixley is the successor in interest of decedent ANTHONY WACKER and as such succeeds to the cause of action he would have brought had he survived. She brings this complaint in the capacity of successor in interest per *Cal Code of Civ. Proc.* §377.30. and *Cal. Prob. Code* §6402(b).

4.      Plaintiff is informed and believes and thereon alleges that at all relevant times alleged herein, including but not limited to September 11, 2009, Defendant, SAM TAVALLODI, JR., an individual, was at all pertinent times domiciled in and a resident of the State of California.

5.      Plaintiff is informed and believes and thereon alleges that Defendant NORTH SAN DIEGO COUNTY TRANSIT DEVELOPMENT BOARD, a California Government Public Entity, dba NORTH COUNTY TRANSIT DISTRICT (hereinafter "NORTH COUNTY TRANSIT") was at all relevant times herein, including but not limited to September 11, 2009, and up to and including the present," a duly and properly formed governmental public entity in California.

6.      Plaintiff is informed and believes and thereon alleges that Defendant RICHMAN MANAGEMENT CORPORATION, a California corporation dba HERITAGE SECURITY SERVICES, HERITAGE INVESTIGATIONS, and HERITAGE SECURITY SYSTEMS (hereinafter "HERITAGE SECURITY") was at all relevant times herein, including but not limited to September 11, 2009, and up to and including the present, and still is, a California

1  Corporation with its principal place of business in the City of San Diego, lawfully doing business

2  in the County of San Diego, State of California.

3       7.      On or about September 30, 2009, Plaintiff complied with California Government

4  Code 910, et seq.

5       8.      Plaintiff is informed and believes and thereon alleges that at all relevant times

6  alleged herein, including but not limited to September 11, 2009, and up to and including the

7  present time, Defendant NORTH COUNTY TRANSIT and DOES 1 thru 100, inclusive, owned

8  and/or was responsible for the operation, management, maintenance, and control of the Vista

9  Transit Center, located at 240 N. Santa Fe Road, Vista, CA.

10      9.      Plaintiff is informed and believes and thereon alleges that at all relevant times

11  alleged herein, including but not limited to September 11, 2009, and up to and including the

12  present time, Defendant NORTH COUNTY TRANSIT and DOES 1 through 100, inclusive,

13  employed HERITAGE SECURITY, and DOES 1 through 100, inclusive, to patrol its Vista

14  Transit Center, located at 240 N. Santa Fe Road, Vista, CA and provide armed security services

15  thereon.

16      10.     The true names, identities, and capacities, whether individual, corporate, associate

17  or otherwise of Defendants DOES 1 through 100 are unknown to Plaintiff who, therefore, sues

18  said Defendants by such fictitious names.  When the true names, identities, and capacities of said

19  Defendants are ascertained, Plaintiff will seek leave to amend this complaint accordingly.

20  Plaintiff is informed and believes and thereon alleges that each of the Defendants designated

21  herein as a DOE is responsible negligently, intentionally, tortuously or in some other actionable

22  manner including, but not limited to, the causes of action alleged herein, for the events and

23  happenings referred to herein, and caused injuries and damages to Plaintiff as herein alleged.

24      11.     Plaintiff is informed and believes and thereon alleges that at all times hereinafter

25  mentioned the aforementioned Defendants, including DOE Defendants, were the agents and

26  employees of the remaining Defendants and in doing the thing alleged herein, acted within the

27  course and scope of their authority as agent, servant, employee, and/or co-conspirator of each of

28

MACALUSO & ASSOC.
ATTORNEYS AT LAW
CARLSBAD

3

COMPLAINT FOR DAMAGES

1  the other Defendants. However, this allegation is to be deemed an "alternative" theory wherever

2  not doing so would result in a contradiction with other allegations of this Complaint.

3      12.    Plaintiff is informed and believes and thereon alleges that on or about September

4  11, 2009, Defendant SAM TAVALLODI, JR. was the employee of HERITAGE SECURITY

5  working as a security guard for NORTH COUNTY TRANSIT and at work at the NORTH

6  COUNTY TRANSIT Vista Transit Center complex when, Defendant, SAM TAVALLODI, JR.,

7  fired a handgun at Decedent, Anthony G. Wacker shooting him twice in the back, resulting in his

8  death (hereinafter "INCIDENT").

9      13.    Accordingly the causes of action set forth below arose in Anthony Wacker's

10  favour, and he would be the plaintiff in this action had he survived the attack.

11      14.    Decedent Anthony G. Wacker died as the result of gunshot wounds on September

12  11, 2009 at the hands of SAM TAVALLODI, JR.

13      15.    Plaintiff is informed and believes and thereon alleges that at all relevant times

14  alleged herein, including but not limited to September 11, 2009, that Defendant SAM

15  TAVALLODI, JR. was the owner of the handgun used in the shooting INCIDENT.

16

17                  **JURISDICTION**

18      16.    This action is properly filed in the Superior Court for the County of San Diego,

19  State of California, because LORI J. PIXLEY and Defendants, NORTH SAN DIEGO COUNTY

20  TRANSIT DEVELOPMENT BOARD, dba NORTH COUNTY TRANSIT DISTRICT;

21  RICHMAN MANAGEMENT CORPORATION, dba HERITAGE INVESTIGATIONS, and

22  HERITAGE SECURITY SERVICES, and HERITAGE SECURITY SYSTEMS, are residents of

23  the County of San Diego. Defendant SAM TAVALLODI, JR. is a resident of the State of

24  California and was employed in the County of San Diego when the incident which is the subject

25  of this action occurred. Moreover, the incident giving rise to this lawsuit occurred in this judicial

26  district.

27  ///

28  ///

MACALUSO & ASSOC.
ATTORNEYS AT LAW
CARLSBAD

## FIRST CAUSE OF ACTION
### ASSAULT AND BATTERY, RESPONDEAT SUPERIOR
### (Against All Defendants)

17. Plaintiff incorporates by reference each and every allegation in the above paragraphs as though fully set forth herein.

18. NORTH COUNTY TRANSIT had a nondelegable duty to provide a safe premises at the Vista Transit Center and not to increase the risk of danger to the general public.

19. On or about September 11, 2009, defendant NORTH COUNTY TRANSIT employed HERITAGE SECURITY the purpose of providing armed security services, including regular security patrols, at the Vista Transit Center.

20. HERITAGE SECURITY assigned defendant SAM TAVALLODI, JR. to patrol the Vista Transit Center property and carry a firearm in the course of his employment.

21. Plaintiff is informed and believes and thereon alleges that at all times mentioned herein, defendants HERITAGE SECURITY, SAM TAVALLODI, JR., and DOES 1 through 100, inclusive, were acting in the course and scope of their employment to provide armed security services for, and with the permission, consent and approval of defendant NORTH COUNTY TRANSIT, and DOES 1 through 100, inclusive. Accordingly, NORTH COUNTY TRANSIT is liable to plaintiff for the actions and omissions of HERITAGE SECURITY and SAM TAVALLODI, JR.

22. At all times herein mentioned, defendant SAM TAVALLODI, JR. was the agent and employee of defendant HERITAGE SECURITY, and DOES 1 through 100, inclusive, and, in doing the acts herein described and referred to, was acting in the course and within the scope of his authority as agent and employee, and in the transaction of the business of the employment or agency. Defendant HERITAGE SECURITY and DOES 1 through 100, inclusive are therefore, liable to Anthony Wacker for the acts of SAM TAVALLODI, JR. as heretofore alleged.

23. Anthony Wacker further alleges that in employing HERITAGE SECURITY to provide armed security services, defendant NORTH COUNTY TRANSIT recognized or should have recognized that armed security service would be likely to create, during its progress, a peculiar risk of harm to persons on the premises unless special precautions were taken with regard

1. to the hiring, retention, oversight and supervision of HERITAGE SECURITY and its agents and
2. employees.
3.     24.     Defendant NORTH COUNTY TRANSIT knew or should have known that
4. DEFENDANTS SAM TAVALLODI, JR., HERITAGE SECURITY, and DOES 1 through 100,
5. inclusive, lacked the supervision, training, education and temperament required to provide armed
6. security services and such risks posed a great danger to the public.
7.     25.     On or about September 11, 2009, at Vista Transit Center located at 240 N. Santa
8. Fe Road, in Vista, San Diego County, California, defendant SAM TAVALLODI, JR. pressed a
9. firearm against Anthony G. Wacker's back and threatened to shoot him.
10.     26.     Shortly thereafter, defendant SAM TAVALLODI, JR. shot Anthony G. Wacker
11. twice in the back, thereby causing his death.
12.     27.     In doing the acts as alleged above, Defendants, Defendant SAM TAVALLODI,
13. JR., and DOES 1 through 100, inclusive, acted with the intent to place Anthony G. Wacker in
14. imminent apprehension of a harmful contact.
15.     28.     As a result of defendant SAM TAVALLODI, JR., and DOES 1 through 100,
16. inclusive, Anthony G. Wacker was, in fact, placed in great apprehension of a harmful contact
17. with his person.
18.     29.     In addition, defendant SAM TAVALLODI, JR. in fact caused a harmful contact to
19. Anthony G. Wacker by pressing the handgun against his back, and shooting him twice.
20.     30.     At no time did Anthony G. Wacker consent to any of the acts of Defendants,
21. Defendant SAM TAVALLODI, JR., and DOES 1 through 100, inclusive, alleged above.
22.     31.     By reason of the wrongful acts of Defendants, Anthony G. Wacker was injured in
23. his health, strength, and activity and suffered extreme mental anguish and physical pain.
24.     32.     As a further proximate result of Defendants, Defendant SAM TAVALLODI, JR.,
25. and DOES 1 through 100, inclusive, Anthony G. Wacker has been damaged in that he has been
26. required to expend money and incur obligations for medical services reasonably required in the
27. treatment and relief of the injuries herein alleged.
28. ///

33. The aforementioned acts of Defendants, and each of them, were malicious, willful and oppressive, and without legal justification or legal authority and thereby justify the awarding of punitive damages pursuant to California Civil Code section 3294.

## SECOND CAUSE OF ACTION
### FALSE IMPRISONMENT, RESPONDEAT SUPERIOR
#### (Against all Defendants)

34. Plaintiff incorporates by reference each and every allegation in the above paragraphs as though fully set forth herein.

35. Plaintiff incorporates by reference each and every allegation in the above paragraphs as though fully set forth herein.

36. NORTH COUNTY TRANSIT had a nondelegable duty to provide safe premises at the Vista Transit Center and not to increase the risk of danger to the general public.

37. On or about September 11, 2009, defendant NORTH COUNTY TRANSIT employed HERITAGE SECURITY the purpose of providing armed security services, including regular security patrols, at the Vista Transit Center.

38. HERITAGE SECURITY assigned defendant SAM TAVALLODI, JR. to patrol the Vista Transit Center property and carry a firearm in the course of his employment.

39. Plaintiff is informed and believes and thereon alleges that at all times mentioned herein, defendants HERITAGE SECURITY, SAM TAVALLODI, JR., and DOES 1 through 100, inclusive, were acting in the course and scope of their employment to provide armed security services for, and with the permission, consent and approval of defendant NORTH COUNTY TRANSIT, and DOES 1 through 100, inclusive. Accordingly, NORTH COUNTY TRANSIT is liable to plaintiff for the actions and omissions of HERITAGE SECURITY and SAM TAVALLODI, JR.

40. At all times herein mentioned, defendant SAM TAVALLODI, JR. was the agent and employee of defendant HERITAGE SECURITY, and DOES 1 through 100, inclusive, and, in doing the acts herein described and referred to, was acting in the course and within the scope of his authority as agent and employee, and in the transaction of the business of the employment or

1   agency. Defendant HERITAGE SECURITY and DOES 1 through 100, inclusive are therefore,

2   liable to Anthony Wacker for the acts of SAM TAVALLODI, JR. as heretofore alleged.

3      41.   Plaintiff further alleges that in employing HERITAGE SECURITY to provide

4   armed security services, defendant NORTH COUNTY TRANSIT recognized or should have

5   recognized that armed security service would be likely to create, during its progress, a peculiar

6   risk of harm to persons on the premises unless special precautions were taken with regard to the

7   hiring, retention, oversight and supervision of HERITAGE SECURITY and its agents and

8   employees.

9      42.   Defendant NORTH COUNTY TRANSIT knew or should have known that

10   DEFENDANTS SAM TAVALLODI, JR., HERITAGE SECURITY, and DOES 1 through 100,

11   inclusive, lacked the supervision, training, education and temperament required to provide armed

12   security services, and such risks posed a great danger to the public.

13      43.   On or about September 11, 2009, at 240 N. Santa Fe Road, in Vista, San Diego

14   County, California, defendant SAM TAVALLODI, JR. maced, struck, choked, and wrestled

15   Anthony Wacker to the ground, pinning him against the ground against his will. During this time,

16   DEFENDANT SAM TAVALLODI, JR. threatened physical harm and forcibly detained Anthony

17   Wacker for an appreciable period of time before fatally shooting Anthony Wacker in the back.

18      44.   Immediately prior to the acts of defendant herein alleged, Anthony Wacker had

19   been peacefully standing on NORTH COUNTY TRANSIT'S property, located 240 N. Santa Fe

20   Road, in Vista, San Diego County, California. Anthony Wacker did not trespass, nor had he

21   committed any crime against defendants or anyone else, and defendants knew of Anthony

22   Wacker's innocence.

23      45.   In making threats of physical harm and in detaining Anthony Wacker against his

24   free will, defendants, SAM TAVALLODI, JR., and DOES 1 through 100, inclusive, acted in

25   conscious disregard of the rights and safety of Anthony Wacker and others in the vicinity.

26      46.   As a proximate result of the acts of defendants, and each of them, Anthony Wacker

27   was injured in his physical and mental health, strength, and activity, sustaining injury to his body

28   and shock and injury to his nervous system and person.

MACALUSO & ASSOC.
ATTORNEYS AT LAW
CARLSBAD

COMPLAINT FOR DAMAGES

47.     As a further proximate result of all Defendants, Anthony G. Wacker, has been
damaged in that he has been required to expend money and incur obligations for medical services
reasonably required in the treatment and relief of the injuries herein alleged.

48.     The aforementioned acts of Defendants, and each of them, were malicious, willful
and oppressive, and without legal justification or legal authority and thereby justify the awarding
of punitive damages pursuant to California Civil Code section 3294.

### THIRD CAUSE OF ACTION
### NEGLIGENT HIRING, TRAINING AND SUPERVISION
### (Against HERITAGE SECURITY, and DOES 1 THROUGH 100)

49.     Plaintiff incorporates by reference each and every allegation in the above
paragraphs as though fully set forth herein.

50.     On or about September 11, 2009, defendant NORTH COUNTY TRANSIT
employed HERITAGE SECURITY to provide armed security services, including regular
supervisor patrols, at the Vista Transit Center.

51.     Subject to this employment, HERITAGE SECURITY assigned defendant SAM
TAVALLODI, JR. to patrol the Vista Transit Center property and carry a firearm in the course of
his employment.

52.     Defendant HERITAGE SECURITY, and DOES 1 through 100, inclusive, owed
Anthony G. Wacker a duty of reasonable care in hiring, training, supervising, and controlling its
employees, the anticipation of criminal conduct by third persons, including excessive force by its
own employees, and warning the public about the threat of potential violence of its employees.

53.     Plaintiff is informed and believes that defendant HERITAGE SECURITY, and
DOES 1 through 100, inclusive, breached the aforementioned duties to plaintiff by negligently,
carelessly, and recklessly failing to hire qualified, professional, responsible and safe employees,
including DEFENDANT SAM TAVALLODI, JR.; failing to train, supervise, manage, and
control defendant SAM TAVALLODI, JR.; failing to recognize and/or anticipate the harmful
conduct of SAM TAVALLODI, JR.; and failing to warn and protect Vista Transit Center patrons

1 and specifically Anthony G. Wacker from the danger and harmful conduct of its employee

2 DEFENDANT SAM TAVALLODI, JR.

3    54.    As a legal and proximate result of HERITAGE SECURITY'S negligence, SAM

4 TAVALLODI, JR. and DOES 1 through 100, inclusive, and each of them, negligently, carelessly,

5 and/or recklessly and without substantial justification harmed Anthony Wacker in his physical,

6 mental and emotional health, and ultimately caused his death.

7    55.    As a further proximate result of Defendants, Anthony G. Wacker has been

8 damaged in that he has been required to expend money and incur obligations for medical services

9 reasonably required in the treatment and relief of the injuries herein alleged.

10

11    **FOURTH CAUSE OF ACTION**

12 NEGLIGENT SUPERVISION, HIRING, AND TRAINING, and PREMISES LIABILITY
   (Against Defendant NORTH COUNTY TRANSIT)

13    56.    Plaintiff incorporates by reference each and every allegation in the above

14 paragraphs as though fully set forth herein.

15    57.    At all times herein mentioned, defendants NORTH COUNTY TRANSIT, and

16 DOES 1 through 100, inclusive, and each of them, owned, maintained, controlled, managed, and

17 operated the business premises known as NORTH COUNTY TRANSIT Vista Transit Center,

18 located at 240 N. Santa Fe Road, Vista, CA.

19    58.    On or about September 11, 2009, defendant NORTH COUNTY TRANSIT

20 employed HERITAGE SECURITY for the purpose of providing armed security services,

21 including regular supervisor patrols, at the Vista Transit Center. As such, it assumed a duty to

22 perform such tasks with due care.

23    59.    Subject to this employment, HERITAGE SECURITY assigned defendant SAM

24 TAVALLODI, JR. to patrol the Vista Transit Center property and carry a firearm in the course of

25 his employment.

26    60.    Plaintiff is informed and believes and thereon alleges that at all times mentioned

27 herein, defendant SAM TAVALLODI, JR. was acting in the course and scope of his employment

28

MACALUSO & ASSOC.
ATTORNEYS AT LAW
CARLSBAD

10

COMPLAINT FOR DAMAGES

1  as an armed security guard and with the permission and consent of defendant NORTH COUNTY

2  TRANSIT, and DOES 1 through 100, inclusive.

3      61.    In employing HERITAGE SECURITY to provide armed security services,

4  defendant NORTH COUNTY TRANSIT recognized, or should have recognized that armed

5  security guards were likely to create a peculiar risk of physical harm to persons on the premises

6  unless special precautions were taken, in that NORTH COUNTY TRANSIT knew, or should

7  have known, that under-trained, unsupervised, and incompetent security guards such as SAM

8  TAVALLODI, JR. of HERITAGE SECURITY posed a serious danger to the public if allowed to

9  carry firearms while on duty.

10      62.    NORTH COUNTY TRANSIT and DOES 1 through 100, inclusive, owed Anthony

11  G. Wacker a duty of reasonable care in hiring, supervising, managing and controlling

12  HERITAGE SECURITY and the security guards on their premises; to anticipate and prevent

13  aggressive, hostile and criminal conduct of third persons, including excessive force by their

14  security guards; and to conduct operations at the Vista Transit Center in a reasonably safe

15  manner, including protecting Anthony G. Wacker from under-trained, incompetent, and

16  unsupervised security personnel in their employ; to warn of dangerous conditions on their

17  property; to maintain and inspect the property in a reasonably prudent manner; and, not to

18  increase the risks of danger to members of the public, including Anthony G. Wacker.

19      63.    On or about September 11, 2009, Anthony G. Wacker was waiting to board a train

20  at the NORTH COUNTY TRANSIT Vista Transit Center in the designated waiting area of that

21  property.

22      64.    Anthony G. Wacker was lawfully present on NORTH COUNTY TRANSIT'S

23  property as a business invitee

24      65.    Plaintiff is informed and believes, and thereupon alleges that Defendant NORTH

25  COUNTY TRANSIT breached the aforementioned duties to Anthony G. Wacker by failing to

26  hire qualified, safe and responsible security; failing to adequately manage, control and supervise

27  the services of HERITAGE SECURITY and the security guards at the Vista Transit Center;

28  failing to anticipate criminal conduct of third persons; failing to properly investigate the armed

1 security guards' backgrounds; employing under-trained, incompetent and unsupervised armed

2 security guards; and failing to warn of the presence that armed and unsupervised security guards

3 were on the premises.

4     66.     As a legal and proximate result of NORTH COUNTY TRANSIT'S negligent acts,

5 security guard SAM TAVALLODI, JR. and DOES 1 through 100, inclusive, and each of them,

6 negligently, carelessly, recklessly, and without substantial justification attempted to arrest

7 Anthony Wacker by macing him, striking him, pinning him to the ground, and eventually

8 shooting him twice in the back.

9     67.     As a proximate result of the acts of defendants, and each of them, Anthony Wacker

10 was injured in his physical and mental health, strength, and activity, sustaining injury to his body

11 and shock and injury to his nervous system and person.

12     68.     As a further proximate result of Defendants, Defendant SAM TAVALLODI, JR.,

13 and DOES 1 through 100, inclusive, Anthony G. Wacker has been damaged in that he has been

14 required to expend money and incur obligations for medical services reasonably required in the

15 treatment and relief of the injuries herein alleged.

16

17 <center>**FIFTH CAUSE OF ACTION**
**WRONGFUL DEATH**
**(Against All Defendants)**</center>

18

19     69.     Plaintiff incorporates by reference each and every allegation in the above

20 paragraphs as though fully set forth herein.

21     70.     Plaintiff LORI J. PIXLEY, is and at all relevant times herein mentioned, the

22 mother and heir to Decedent Anthony G. Wacker.

23     71.     Plaintiff is informed and believes and thereon alleges that, at all relevant times

24 alleged herein, including but not limited to September 11, 2009, that Defendant SAM

25 TAVALLODI, JR., and DOES 1 through 100, inclusive, so negligently, recklessly or

26 intentionally owned, fired, discharged, controlled, maintained, serviced, handled and used a

27 firearm, so as to proximately cause the subject INCIDENT and wrongful death of Anthony G.

28 Wacker. Plaintiff is further informed and believes and thereon alleges that defendant SAM

1   TAVALLODI, JR. falsely imprisoned, assaulted and battered Anthony G. Wacker, and ultimately

2   caused his death by performing his security services in a negligent, careless, or reckless manner.

3         72.    Plaintiff is informed and believes that defendant HERITAGE SECURITY, and

4   DOES 1 through 100, inclusive, breached the aforementioned duties to plaintiff by negligently,

5   carelessly, and recklessly failing to hire qualified, professional, responsible and safe employees,

6   including DEFENDANT SAM TAVALLODI, JR.; failing to train, supervise, manage, and

7   control defendant SAM TAVALLODI, JR.; failing to recognize and/or anticipate the harmful

8   conduct of SAM TAVALLODI, JR.; and failing to warn and protect Vista Transit Center patrons

9   and specifically Anthony G. Wacker from the danger and harmful conduct of its employee

10   DEFENDANT SAM TAVALLODI, JR.

11         73.    Plaintiff is informed and believes, and thereupon alleges that Defendant NORTH

12   COUNTY TRANSIT breached the aforementioned duties to Anthony G. Wacker by failing to

13   hire qualified, safe and responsible security; failing to adequately manage, control and supervise

14   the services of HERITAGE SECURITY and the security guards at the Vista Transit Center;

15   failing to anticipate criminal conduct of third persons; failing to properly investigate the armed

16   security guards' backgrounds; employing under-trained, incompetent and unsupervised armed

17   security guards; and failing to warn of the presence that armed and unsupervised security guards

18   were on the premises.

19         74..    Defendant SAM TAVALLODI, JR. used unreasonable and excessive force in an

20   attempt to subdue Anthony G. Wacker, and thereby negligently caused Mr. Wacker's death.

21         75.    Plaintiff is informed and believes and thereon alleges that, at all relevant times

22   alleged herein, including but not limited to September 11, 2009, and up to and including the

23   present time that as a direct and proximate result of the said negligent, reckless and intentional

24   conduct of Defendants, and DOES 1 through 100, inclusive, and each of them, Anthony G.

25   Wacker was killed, and plaintiff LORI J. PIXLEY suffered the loss of her only son.

26         76.    That prior to the death of Decedent Anthony G. Wacker, plaintiff LORI J.

27   PIXLEY lived with decedent and was dependent on him for his support and maintenance. At all

28

1 times prior to his death, decedent was an adult in good physical and mental condition, and was a

2 loving and dutiful son.

3     77.     As a direct and proximate result of the conduct of Defendants, and each of them,

4 including DOES 1 through 100, Plaintiff LORI J. PIXLEY sustained the loss ongoing, and future

5 economic support in a sum, which will be stated according to proof.

6     78.     As a further proximate result of the negligent, reckless, and intentional conduct of

7 defendants, and each of them, Plaintiff LORI J. PIXLEY lost the personal service, advice, care

8 and counseling of her son.

9     79.     As a further proximate result of the negligent, reckless, and intentional conduct of

10 defendants, and each of them, Plaintiff LORI J. PIXLEY lost the comfort, love, companionship,

11 affection, solace moral support, and physical assistance of decedent.

12     80.     As a direct and proximate result of the conduct of Defendants, and each of them,

13 including DOES 1 through 100, inclusive, Plaintiff LORI J. PIXLEY incurred funeral expenses,

14 which will be set forth upon request.

15     81.     As a further direct result of the Defendants, and each of them, and DOES 1

16 through 100, inclusive, wrongful and negligent actions and inactions, Plaintiff LORI J. PIXLEY

17 incurred incidental expenses in an amount not yet ascertained, but which will be set forth in full

18 when said amount is ascertained.

19     82.     Because of the conduct engaged in by Defendants, and each of them, including

20 DOES 1 through 100, inclusive, as described in this Complaint, it is clear that said Defendants

21 acted with malice, oppression, and conscious disregard of the safety of others, including

22 Decedent, such that punitive damages are appropriate, and should be awarded in favor of plaintiff

23 LORI J. PIXLEY, pursuant to California Civil Code section 3294.

24 ///

25 ///

26 ///

27 ///

28 ///

## SIXTH CAUSE OF ACTION
### PREMISES LIABILITY
(Against NORTH COUNTY TRANSIT)

83. Plaintiff incorporates by reference each and every allegation in the above paragraphs as though fully set forth herein.

84. Plaintiff is informed and believes and thereon alleges that at all times herein mentioned each of the remaining defendants was the agent and employee of NORTH COUNTY TRANSIT, and in doing the things hereinafter alleged, were acting within the course and scope of such agency and employment.

85. At all times herein mentioned, defendants NORTH COUNTY TRANSIT, and each of them, owned, maintained, controlled, managed, and operated the business premises known as NORTH COUNTY TRANSIT Vista Transit Center, located at 240 N. Santa Fe Road, Vista, CA.

86. Defendants SAM TAVALLODI, JR. and HERITAGE SECURITY were employed by defendant NORTH COUNTY TRANSIT to provide security on the aforementioned premises. Plaintiff is informed and believes and thereon alleges that at all times mentioned herein, defendant SAM TAVALLODI, JR. was acting in the course and scope of his employment as an armed security guard and with the permission and consent of defendant NORTH COUNTY TRANSIT.

87. On or about September 11, 2009, Anthony Wacker was lawfully waiting to board a train at the NORTH COUNTY TRANSIT Vista Transit Center in the designated waiting area of that property.

88. At the aforementioned time and place, defendant NORTH COUNTY TRANSIT, including does 1 through 100, and each of them, negligently failed to protect Anthony Wacker from DEFENDANT SAM TAVALLODI, JR., who was an under-trained, incompetent and unsupervised armed security guard thereby resulting in the shooting death of Anthony Wacker.

89. At all times mentioned herein, NORTH COUNTY TRANSIT knew or should have known that SAM TAVALLODI, JR. was under-trained, unsupervised, and incompetent to act as an armed security guard, and that he was likely to create an unreasonable risk of harm to transit

1    customers and the general public, including Anthony Wacker, unless special precautions were
2    taken.

3        90.    Defendants NORTH COUNTY TRANSIT negligently maintained, managed,
4    controlled, and operated the premises by permitting and consenting to having SAM
5    TAVALLODI, JR., an under-trained, unsupervised, and incompetent person to act as an armed
6    security guard at the Vista Transit Center.

7        91.    Furthermore, Defendants NORTH COUNTY TRANSIT, including does 1 through
8    100, and each of them, negligently hired and failed to inspect and supervise the ongoing activities
9    of HERITAGE SECURITY and SAM TAVALLODI, JR., which caused an under-trained,
10   violent, and incompetent armed security guard to be employed on Transit Center property.

11       92.    As a direct and proximate result of the conduct of said Defendants, including
12   DOES 1 through 100, inclusive, and each of them, Plaintiff incurred funeral expenses in an
13   amount not yet ascertained, but which will be set forth in full when said amount is ascertained.

14       93.    As a direct and proximate result of the conduct of Defendants including DOES 1
15   through 100, inclusive, as alleged above, Anthony Wacker incurred hospital, medical,
16   professional, and other economic damages, in an amount not yet ascertained, but which will be set
17   forth in full when said amount is ascertained.

18       94.    The conduct engaged in by DEFENDANTS was in conscious disregard for the
19   safety and rights of others, thus justifying the imposition of punitive damages per California Civil
20   Code section 3294.

21

22                        **SEVENTH CAUSE OF ACTION**
                                **NEGLIGENCE**
23                 **(Against defendant SAM TAVALLODI, JR.)**

24       95.    Plaintiff is informed and believes, and thereupon alleges, that defendant SAM
25   TAVALLODI, JR. was employed by HERITAGE SECURITY and NORTH COUNTY
26   TRANSIT to provide armed security services at the Vista Transit Center.
27   ///
28   ///

96.    Plaintiff is informed and believes, and thereupon alleges, that defendant SAM TAVALLODI, JR. owed Anthony G. Wacker a duty of due care in the pursuit of his duties as a security guard at the Vista Transit Center.

97.    Defendant SAM TAVALLODI,JR., and DOES 1 through 100, inclusive, breached their duty of care to Anthony Wacker when defendant SAM TAVALLODI, JR. negligently and without justification arrested, maced, struck, and choked Anthony Wacker.

98.    Defendants SAM TAVALLODI, JR. and DOES 1 through 100, inclusive, further breached their duties to Anthony G. Wacker when they negligently, carelessly and recklessly used unnecessary, excessive and deadly force on Anthony Wacker.

99.    Such force legally and proximately caused Anthony G. Wacker to sustain serious bodily injury, which ultimately caused his death.

100.    As a proximate result of the acts of defendants, and each of them, Anthony Wacker was injured in his physical and mental health, strength, and activity, sustaining injury to his body and shock and injury to his nervous system and person.

101.    As a further proximate result of Defendants, Defendant SAM TAVALLODI, JR., and DOES 1 through 100, inclusive, Anthony G. Wacker has been damaged in that he has been required to expend money and incur obligations for medical services reasonably required in the treatment and relief of the injuries herein alleged.

102.    The conduct engaged in by DEFENDANTS was in conscious disregard for the safety and rights of others, including Anthony Wacker, thus justifying the imposition of punitive damages per California Civil Code section 3294.

///
///
///
///
///
///

<div align="center">

**PRAYER**

</div>

**WHEREFORE**, Plaintiff LORI J. PIXLEY, an individual;  LORI J. PIXLEY, on behalf of the Estate of Anthony G. Wacker, pray that judgment be entered in her favor and against Defendants, SAM TAVALLODI, JR., NORTH SAN DIEGO COUNTY TRANSIT DEVELOPMENT BOARD,  dba NORTH COUNTY TRANSIT DISTRICT; RICHMAN MANAGEMENT CORPORATION, dba HERITAGE INVESTIGATIONS, and HERITAGE SECURITY SERVICES, and HERITAGE SECURITY SYSTEMS, and each of them as follows:

1.    For general damages in an amount, according to proof, to be ascertained by this Court at the time of trial;

2.    For special damages in an amount, according to proof, to be ascertained by this Court at the time of trial;

3.    For funeral and burial expenses, according to proof, to be ascertained by this Court at the time of trial;

4.    For punitive damages;

5.    For costs of suit incurred herein; and

6.    For such other relief as this Court deems just and proper.


MACALUSO & ASSOCIATES, APC


DATED:  May 21 , 2010        By: _____

Scott White, Esq.
Attorneys for Plaintiff

EXHIBIT "B"

**LEWIS BRISBOIS BISGAARD & SMITH, LLP**
PETER L. GARCHIE, SB #105122
    E-Mail: garchie@lbbslaw.com
VANESSA R. NEGRETE, SB #239689
    E-Mail: vnegrete@lbbslaw.com
701 B Street, Suite 1900
San Diego, California 92101
Telephone: (619) 233-1006
Facsimile: (619) 233-8627

Attorneys for SAM TAVALLODI, JR., an individual;
NORTH SAN DIEGO COUNTY TRANSIT DEVELOP-
MENT BOARD, a California Government Public Entity,
dba NORTH COUNTY TRANSIT DISTRICT; RICHMAN
MANAGEMENT CORPORATION, a California corporation
dba HERITAGE INVESTIGATIONS and HERITAGE
SECURITY SERVICES and HERITAGE SECURITY SYSTEMS

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN DIEGO, NORTH COUNTY DIVISION

| | |
|---|---|
| LORI J. PIXLEY, on behalf of the Estate of Anthony G. Wacker; and LORI J. PIXLEY, an individual,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>SAM TAVALLODI, JR., an individual; NORTH SAN DIEGO COUNTY TRANSIT DEVELOPMENT BOARD, a California Government Public Entity, dba NORTH COUNTY TRANSIT DISTRICT; RICHMAN MANAGEMENT CORPORATION, a California corporation dba HERITAGE INVESTIGATIONS and HERITAGE SECURITY SERVICES, and DOES 1 through 100, inclusive,<br><br>　　　　　Defendants. | CASE NO. 37-2010-00055264-CU-PO-NC<br><br>*Hon. Robert P. Dahlquist*<br>*Dept. N-29*<br><br>[　　　　] COMMISSION FOR OUT-OF-STATE DEPOSITION OF SHANE LEE MASTERS<br><br><br><br><br><br><br>ACTION FILED:　　May 21, 2010<br>TRIAL DATE:　　August 5, 2011 |

FROM:　　　THE PEOPLE OF THE STATE OF CALIFORNIA

TO:　　　　THE DISTRICT COURT OF NEVADA

Pursuant to the Clerk of the California Superior Court of the County of San Diego, you are

hereby respectfully requested by issue, by your proper and usual process, a subpoena or other

///

4834-3698-2025.1

1  necessary documents on the individuals listed below, requiring each to attend a videotaped

2  deposition for personal appearance:

3    1.    Shane Lee Masters, an inmate at Ely State Prison, in Ely, Nevada;

4         Inmate ID No. 85154.

5  Said deposition will be videotaped and taken before a certified shorthand reporter and will

6  continue from day to day, holidays and weekends excluded, until completed.

7

8  DATED: June 20, 2011

9

10

11  _____
   Clerk of the Superior Court, L. Arthur

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

   [PROPOSED] COMMISSION FOR OUT-OF-STATE DEPOSITION OF SHANE LEE MASTERS

# LEWIS
## BRISBOIS
## BISGAARD
## & SMITH LLP
ATTORNEYS AT LAW

701 B Street, Suite 1900
San Diego, CA 92101
Telephone: 619.233.1006
Fax: 619.233.8627
www.lbbslaw.com

| FILED | ✓ RECEIVED |
|---|---|
| ENTERED | SERVED ON |
| | COUNSEL/PARTIES OF RECORD |

**JUL 1 3 2011**

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____ DEPUTY

**VANESSA R. NEGRETE**
DIRECT DIAL: 619.699.4912
E-MAIL: vnegrete@lbbslaw.com

July 12, 2011

File No.
50012.2199

3:11-MS-00016

Clerk, United States District Court
District of Nevada - Reno
400 S. Virginia Street
Reno, NV 89501

Re:   New Filing - In re Request for Order to Allow Videotaped Deposition
San Diego Case No: 37-2010-00055264-CU-PO-NC

Dear Clerk:

Enclosed please find the original and one copy of our Motion for an Order to Videotape Prisoner Deposition and the Proposed Order thereon. Also enclosed is our check in the amount of $39.00 for the filing fee, and a return Federal Express envelope for the return of all documents.

Kindly convert the filing to a new case, and see that it is referred to the Court.

Should you have any questions, please do not hesitate to contact me.

Sincerely,

*Vanessa R. Negrete / by DScott*

Vanessa R. Negrete for
LEWIS BRISBOIS BISGAARD & SMITH, LLP

VRN/dls
Encls

ATLANTA • BEAUMONT • CHARLESTON • CHICAGO • FORT LAUDERDALE • HOUSTON • LAFAYETTE • LAS VEGAS • LOS ANGELES • NEW ORLEANS

NEW YORK • ORANGE COUNTY • PHOENIX • SACRAMENTO • SAN BERNARDINO • SAN DIEGO • SAN FRANCISCO • TAMPA • TUCSON

4845-1853-1338.1